# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLAZE LAMONTE PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv–02168−JPG |
| ) | |
| MADISON COUNTY JAIL, ) | |
| RANDY YOUNG, ) | |
| MADHUSSAN VALLALAH and ) | |
| OSF HEALTHCARE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Flaze Lamonte Peoples filed this action pursuant to 42 U.S.C. § 1983 for failure to treat a serious medical condition. (Doc. 1). He seeks money damages. *Id*. at p. 7. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). On screening, the Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

## The Complaint

According to the allegations in the Complaint, Plaintiff was housed at the Madison County Jail ("Jail") between August 2017 and February 3, 2018. (Doc. 1, p. 6). Plaintiff states that he

1

suffers from "mental conditions that needed to be treated" but that he did not receive any medication during that time. *Id.* The conditions appear to include Attention Deficit-Hyperactivity Disorder, anxiety, depression and pain from shoulder, back and knee problems. *Id.*, pp. 4 and 6. He wrote a grievance about the issue, as well as submitting sick-call notices and informing Jail staff and at least one nurse, but the situation was not addressed. *Id.*, pp. 4-6. Plaintiff names both the Jail and its superintendent, Randy Young, as defendants.

Plaintiff also alleges that he was a patient of Defendant Madhussan Vallalah at Defendant OSF Healthcare's St Anthony's Hospital facility for his mental conditions and joint pain. *Id.*, p. 6. After his release from the Jail in February 2018, Plaintiff alleges that he saw Vallalah, who chose to discontinue treating Plaintiff "[a]fter so many attempts to get a higher dosage and refills[.]" *Id.* He alleges that this deprived him of needed medications for his mental conditions, the lack of which caused him to get arrested. *Id.*

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:**   Defendants Madison County Jail and Randy Young denied Plaintiff adequate medical care for his mental conditions and pain between August 2017 and February 3, 2018.

**Count 2:**   Defendants Madhussan Vallalah and OSF Healthcare denied Plaintiff adequate medical care for his mental conditions at some point after February 3, 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## *Count 1*

Plaintiff's Complaint fails to state a claim on which relief may be granted as to either the Jail or Young.

First, the Jail is not a "person" subject to suit under Section 1983. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). Under Illinois law, a county jail is not considered an entity which may be sued. *See Castillo v. Cook Cty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993), *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012), and *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, the Jail shall be dismissed with prejudice.

Further, Plaintiff has not pled an adequate claim against Young. To be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citation omitted). Under Section 1983, supervisors are not liable merely because they oversee others who allegedly violate an inmate's rights. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Instead, supervisors can only be held responsible for the constitutional violations of their subordinates only if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Plaintiff identifies Young as the Jail superintendent, but does not identify what personal involvement Young had in the refusal to treat his medical conditions. As such, Plaintiff's Complaint fails to state a viable claim against Young, and he will be dismissed without prejudice.

Plaintiff does state that he informed Jail staff and at least one nurse at the Jail that he was not receiving needed medication, to no avail. However, none of these individuals is named as a defendant in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Should Plaintiff choose to file an amended complaint, he would need to name these individuals— either by proper name or using generic designations for unknown defendants (*e.g.*, "John Doe" or "Jane Doe") pending later identification— to proceed against them.

### *Count 2*

Under the generous standards this Court must apply for the *pro se* pleading, Plaintiff adequately asserts a valid Section 1983 claim against Vallalah and his employer, OSF Healthcare, for deliberate indifference to a serious medical need in failing to provide him with medication for his mental conditions.

When a plaintiff brings a Section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. *Rodriguez*., 577 F.3d at 822. In situations like this, whether a non-governmental medical provider is a state actor "is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner.*" Shields v. Illinois Dep't of Corr*., 746 F.3d 782, 797–98 (7th Cir. 2014). The question boils down to whether a private contractor has assumed "responsibility for a specific portion of the state's overall [constitutional] obligation to provide medical care for incarcerated persons," or if it has "only an incidental or transitory relationship" with the penal system and is therefore not considered a state actor. *Id.*

Here, Plaintiff's pleading is ambiguous as to what relationship Vallalah and OSF Healthcare had to any governmental entity. Plaintiff specifically states that he visited Vallalah *after* he had been released from the Jail, and that Vallalah subsequently dropped him as a patient. If Vallalah and OSF Healthcare's refusal to treat Plaintiff occurred outside the context of detention or incarceration, it is difficult to see how these defendants could be considered state actors. However, on the form he used to file his Complaint, he checked "Yes" for the question of whether Vallalah (and presumably OSF Healthcare) were employed by the state, local or federal government at the time his claims arose. (Doc. 1, p. 2). If true, then Vallalah and OSF Healthcare could conceivably be contractors for a governmental entity and deemed state actors.

Even if Vallalah and OSF Healthcare are deemed state actors, then Plaintiff has only stated a viable claim for deliberate indifference to a serious medical need against Vallalah. It appears from the pleadings that Plaintiff was in the Jail as a pretrial detainee. Presuming he was not convicted and then released from the Jail, Plaintiff would have been entitled to broader constitutional protections under the Fourteenth Amendment than those afforded under the Eighth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). Under this standard, a viable failure to protect claim for a pretrial detainee requires showings that (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation, and (2) the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018). A detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Miranda*, 900 F.3d at 353 (citations omitted).

By the barest of margins, Plaintiff has adequately stated a claim against Vallalah. Drawing all reasonable inferences in favor of Plaintiff, it is plausible that Plaintiff met with Vallalah, that

Vallalah knew that Plaintiff needed his psychological medications and intentionally or recklessly refused to prescribe them. As such, this claim survives initial screening.

OSF Healthcare, however, will be dismissed without prejudice. As with a municipality, a company functioning as a state actor cannot be liable simply because an employee violated a detainee or prisoner's constitutional rights. Instead, a claimant must show that his injury was caused by a company's "policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields*, 746 F.3d at 796 (citation omitted). Plaintiff has not alleged any facts to suggest that OSF Healthcare had either a history of such incidents or that Vallalah was acting pursuant to an OSF Healthcare policy, custom or practice. As such, the claim against OSF Healthcare is denied without prejudice.

### **Pending Motion**

Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

There is no indication that Plaintiff has attempted to obtain counsel on his own or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED** without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 2** survives threshold review against Defendant Madhussan Vallalah. Defendant Madison County Jail is **DISMISSED with prejudice** from Count 1. Defendant Randy Young is **DISMISSED without prejudice** from Count 1. Defendant OSF Healthcare is **DISMISSED without prejudice** from Count 2. The Clerk of the Court is **DIRECTED** to terminate Madison County Jail, Young and OSF Healthcare as defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **Madhussan Vallalah**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

This entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: **2/27/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take

**90 days** or more. When the defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**