# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLAZE LAMONT PEOPLES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV- 2168-MAB |
| MADHUSUDAN VALLALA, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Dr. Madhusudan Vallala on February 20, 2020. Plaintiff's time to respond to the motion for summary judgment has not yet expired. However, after reviewing the motion for summary judgment, the Court has determined that a response from Plaintiff is not necessary and the motion can be summarily denied for more than one reason.

First, Defendant Vallala's motion is untimely. The deadline to file a motion for summary judgment on the issue of exhaustion was February 10, 2020 (Doc. 28). By February 19th, Defendant Vallala had not filed a motion for summary judgment nor sought an extension of time to do so (Doc. 30). Consequently, the Court deemed the affirmative defense of exhaustion waived (Doc. 30). The following day, on February 20, 2020, Defendant Vallala filed a motion for summary judgment on the issue of exhaustion (Doc. 32). In his motion, Defendant Vallala does not acknowledge that his motion is late,

let alone provide any explanation that establishes excusable neglect for failing to act by the deadline and good cause to extend the deadline (*see* Doc. 32). Fed. R. Civ. P. 6(b)(1). Consequently, the motion for summary judgment is denied as untimely.

The Court further concludes that even if Defendant's motion for summary judgment on the issue of exhaustion was not late, it is deficient because a review of the motion reveals that Defendant, who bears the burden of proof on the affirmative defense of exhaustion, simply cannot carry his burden to show that Plaintiff did, in fact, fail to exhaust his administrative remedies. Defendant Vallala argues in his motion that "Plaintiff has not submitted any grievances with respect to his alleged failure to receive treatment or medications" (Doc. 33). But Defendant did not support his assertion with any admissible evidence, such as an affidavit or declaration from a Madison County Jail official stating that the Jail's grievance records were searched and did not contain any grievances from Plaintiff. In fact, Defendant did not submit any evidence that the Jail even has a grievance process.

Defendant also argues "[w]hile there is a claim that grievances were filed, Plaintiff has failed to produce or specifically reference any such documents or evidence." (Doc. 33). But it is well-established that Plaintiff was not "required to specially plead or demonstrate exhaustion" at any point thus far. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, "[e]xhaustion is 'an affirmative defense that the defendants have the burden of pleading and proving.'" *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). In other words, the onus is first on Defendant to provide evidence that Plaintiff did not submit any grievances. As already

mentioned, Defendant did not produce any evidence to support his motion for summary judgment on the issue of exhaustion.

Because the motion for summary judgment on the issue of exhaustion is not properly supported as required by Rule 56, it is denied.

The Court has one final note regarding Defendant Vallala's assertion that all treatment he provided to Plaintiff occurred at times when Plaintiff was not a detainee at the Madison County Jail (Doc. 33, p. 2). To the extent Defendant Vallala is trying to argue that he was not a state actor and therefore not subject to liability under 42 U.S.C. § 1983, (*see* Doc. 10, pp. 4–6), the proper vehicle for making that argument is either a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment *that is not based on exhaustion*.

**IT IS SO ORDERED.**

**DATED: February 26, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**