IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLAZE LAMONTE PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:18-CV-02168-MAB |
| ) | |
| MADISON COUNTY JAIL, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Defendant Madhussan Vallala's motion, and supporting memorandum, for summary judgment (Docs. 36, 37) and Plaintiff's response (Doc. 44). For the reasons set forth below, Defendant's motion for summary judgment is granted.

## BACKGROUND

Plaintiff filed his complaint on December 13, 2018, pursuant to 42 U.S.C. § 1983, for failure to treat a serious medical condition while he was housed at the Madison County Jail between August 2017 and February 3, 2018 (Doc. 1). Specifically, Plaintiff alleges that he suffers from "mental conditions that needed to be treated," but that he did not receive any medication during this time (*Id.* at p. 6). Plaintiff's conditions include Attention Deficit-Hyperactivity Disorder, anxiety, depression, and pain from shoulder, neck, and knee problems (*Id.* at pp. 4-6). Plaintiff describes that he was a patient of Defendant Madhussan Vallala at OSF Healthcare's St. Anthony's Hospital for his mental

conditions and joint pain (*Id.* at p., 6). After his release from Jail in February 2018, Plaintiff alleges he saw Defendant, who chose to discontinue treating Plaintiff. Plaintiff alleges Defendant Vallala deprived him of needed medications for mental conditions (Doc. 10, p. 2).

After a threshold review by this Court, pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on one count:

> **Count 1**—Defendant Madhussan Vallala denied Plaintiff adequate medical care for his mental conditions at some point after February 3, 2018.

(Doc. 10).

Defendant Vallala filed his motion, and supporting memorandum, for summary judgment on July 20, 2020 (Docs. 36, 37). Plaintiff failed to file a timely response, so the Court entered a Show Cause Order, directing Plaintiff to respond on August 31, 2020 (Doc. 38). After an extension of time, Plaintiff filed his response to Defendant's motion for summary judgment on October 23, 2020 (Doc. 44). Defendant filed a reply brief on November 2, 2020 (Doc. 45).

In his motion for summary judgment, Defendant argues that he is not now, nor has he ever been at any time during which he treated Plaintiff, a government employee or a public official (Doc. 37, p. 3). In support, Defendant includes a signed affidavit (Doc. 37-1).

Defendant describes further, and details that Plaintiff was incarcerated at the Madison County Jail from August 2017 to February 3, 2018 (Doc. 37, p. 2, citing to Doc. 1, p. 2). Defendant is an internal medicine physician who was in private

practice during this period of time at SAPG Family Medicine in Alton, Illinois (Doc. 37, p. 2). Before Plaintiff was incarcerated in August 2017, Defendant last saw Plaintiff for medical care and treatment on July 14, 2017 (Docs. 37, p. 2; 37-1, p. 1). Plaintiff did not return to see Defendant for medical treatment until February 8, 2018, after he had been released from jail, which Plaintiff admits in his complaint (Docs. 37-1, p. 1; 1, p. 6).

Defendant states that he had no interactions with Plaintiff nor did he render any medical care or treatment to Plaintiff between August 2017 to February 3, 2017, during which Plaintiff was housed at the Madison County Jail (Doc. 37, pp. 2-3). Defendant indicates he last saw Plaintiff for medical care and treatment on or around March 20, 2018 (*Id.* at p. 1). All of Plaintiff's medical care and treatment was conducted at Defendant's private practice at SAPG Family Medicine in Alton, Illinois. *Id.* Defendant avers he did not treat Plaintiff during the time he was housed at Madison County Jail, or at any other jail, prison, or government detention facility. *Id.* Defendant also states that he is not now, nor was he at any time during his treatment of Plaintiff, a government employee or public official. *Id.* Nor was Defendant employed by a private company that contracted with the Madison County Jail or other governmental agency to provide medical care for county, state, or federal detainees or inmates. *Id.* Finally, Defendant details that at all times he was rendering care and treatment to Plaintiff, Defendant acted as a physician in private practice and was not acting at the direction of any governmental entity. *Id.*

In response to Defendant's motion for summary judgment, Plaintiff seems to agree with Defendant, stating, "This civil suit is based on actions taken by [Defendant] when I was a patient at OSF Healthcare Saint Anthonys[sic] and not about being an inmate in prison" (Doc. 44, p. 2). Further, Plaintiff argues that in addition to bringing a deliberate indifference claim, he also filed his complaint for "medical malpractice." *Id.* Plaintiff contends that Defendant was deliberately trying to get him off of his caseload despite Plaintiff's serious medical conditions. In addition, Plaintiff contends that Defendant knowingly and recklessly caused him emotional pain and suffering by not addressing his serious medical conditions. *Id.*

## LEGAL STANDARD

> On summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. Rather, the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. [The court] must look therefore at the evidence as a jury might, construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true. As we have said many times, summary judgment cannot be used to resolve swearing contests between litigants.

*Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations and internal quotations marks omitted).

## DISCUSSION

The constitutional rights of pretrial detainees are "derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is

applicable to convicted prisoners." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)(citations omitted). Pretrial detainees are to remain free from "punishment," while prisoners are "entitled to be free from conditions that constitute 'cruel and unusual punishment.'" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) and *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Seventh Circuit applied a deliberate indifference standard derived from the Eighth Amendment to constitutional claims raised by pretrial detainees, but the application of that standard was called into question by the Supreme Court in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which held that a standard of objective reasonableness applies to excessive force claims brought by pretrial detainees.

In *Miranda v. County of Lake*, however, the Seventh Circuit extended the holding of *Kingsley* to medical-care claims brought by pretrial detainees, siding with the position taken by the Ninth and Second Circuits. *Miranda v. County of Lake*, 900 F.3d 335, 351-352 (7th Cir. 2018). After *Miranda*, a pretrial detainee's Fourteenth Amendment right to medical care is violated if: (1) the detainee had an objectively serious medical need; (2) the defendant made an intentional act with regard to the plaintiff's medical need; (3) that act was objectively unreasonable under the circumstances in terms of treating or assessing the patient's serious medical need; and (4) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm. *Miranda*, 900 F.3d at 353-354. In essence, the Court considers whether, under the totality of the circumstances, the individual alleged to have provided inadequate medical care or inadequate access to medical care responded in an objectively reasonable manner. *See McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

Defendant avers that he is not now, nor was he at the time of the allegations outlined in Plaintiff's complaint, a governmental actor or contractor. In order to prevail on a claim pursuant to § 1983, a plaintiff must show that: "a person acting under color of state law deprived him of a right, privilege, or immunity secured by either the Constitution or by federal law." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015); *See also Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). In *West v. Atkins*, the Supreme Court held that a private physician acts under color of state law for § 1983 purposes when the physician contracts with the state to provide medical services to inmates at a state prison hospital. *See West v. Atkins*, 487 U.S. 42 (1988). The Supreme Court has not, however, addressed whether a private physician acts under color of state law when the physician provides medical care to a prisoner in a private facility outside of the prison. In the absence of a directive from the Supreme Court, the Seventh Circuit developed a test based on *West* for such situations *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 826–28 (7th Cir. 2009).

The focus of the test is "the particular *function* of the medical care provider in the fulfillment of the state's obligation to provide health care to incarcerated persons." *Rodriguez*, 577 3d at 825 (citing *West*, 487 U.S. 42).

> It is the physician's *function* within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State. Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the *relationship among the State, the physician, and the prisoner. Contracting out* prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. The State bore an affirmative obligation to provide adequate medical care to

> West. The State delegated that function to respondent Atkins; and respondent voluntarily assumed that obligation by contract.

West, 487 U.S. at 55–56.

Generally, courts should look to the relationship between the physician and the governmental entity (e.g., Is there a contract between the physician and government agency? Does the private organization have only "an incidental and transitory relationship within the state's penal system"?) to determine if the physician acts under the color of state law. *Rodriguez*, 577 3d at 826-827.

Here, the uncontroverted evidence from both Plaintiff and Defendant establish that Defendant was not a Madison County employee or government employee in any regard. Rather, Defendant only treated Plaintiff before and after he was incarcerated. There is nothing in the record to indicate that Defendant acted under the color of state law and can properly be a defendant in a Section 1983 lawsuit. To support this even more, it appears from Plaintiff's response that he intended to bring a medical malpractice claim against Defendant, instead of a Section 1983 claim; however, that was not clear from his complaint or the threshold review pursuant to 28 U.S.C. § 1915A, where Plaintiff was allowed to proceed on just one Section 1983 claim against Defendant (Docs. 1, 10).

The facts provided by Defendant in his affidavit unequivocally establish that he was not a state actor. Plaintiff's has offered no evidence to suggest otherwise. In fact, Plaintiff's response simply confirms the evidence offered by the Defendant. As a result, Plaintiffs claim under §1983 against the Defendant must fail. Defendant's motion for summary judgment is **GRANTED** and Defendant will be **DISMISSED with prejudice**.

## CONCLUSION

For the above-stated reasons, Defendant Vallala's motion for summary judgment (Doc. 36) is **GRANTED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Vallala and against Plaintiff and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: March 17, 2021**

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**
